CV 12 - 4938

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Donna Picerni,<br>Individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br>    -v-<br><br>Bilingual SEIT & Preschool Inc.,<br><br>                              Defendant. | Civ. Action #: COGAN, J.<br><br>**COMPLAINT**<br>**(Collective & Class Action)**<br><br>Date Filed:<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Donna Picerni ("Plaintiff" or "Picerni"), on behalf of herself, and all others similarly situated, by Abdul K. Hassan, her attorney, complaining of the Defendant Bilingual SEIT & Preschool Inc., ("Defendant," or "SEIT") respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself, and other similarly situated current and former employees who worked for the defendant as teachers or in similar positions, and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that she and they are: (i) entitled to unpaid wages from defendant because they were not paid at least the applicable **federal** minimum wage rate for each and all hours worked, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of herself and a class of other similarly situated current and former employees who worked for defendant as teachers or in similar positions, pursuant to the Fed. R. Civ. Proc. 23, that she and they are: (i) entitled to unpaid wages from Defendant because they were not paid at least the applicable **New York** minimum wage rate for each and all hours worked, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder.

1

3. Plaintiff complains on behalf of herself and a class of other similarly situated current and former employees who worked for defendant as teachers or in similar positions, pursuant to the Fed. R. Civ. Proc. 23, that she and they are: (i) entitled to recover unpaid wages from defendant because defendant breached the wage agreement and contract it had with plaintiff and putative class members to pay the wages required.

4. Plaintiff complains on behalf of herself and a class of other similarly situated current and former employees who worked for defendant as teachers or in similar positions, pursuant to the Fed. R. Civ. Proc. 23, that she and they are: (i) entitled to recover unlawful deductions from their wages, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202

## THE PARTIES

8. Plaintiff Donna Picerni ("Plaintiff" or "Picerni") is a resident of Nassau County in the State of New York.

9. Upon information and belief, defendant Bilingual SEIT & Preschool Inc., ("defendant" or "SEIT") is a domestic NY business corporation.

10. Upon information and belief, defendant SEIT is organized and existing under the laws of the State of New York and duly authorized to do business in New York.

11. Upon information and belief, SEIT maintains offices within the State of New York at 150-07 Northern Boulevard, Flushing, NY 11354.

12. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the two-year and three-year period preceding the filing of this complaint but this period may be longer.

13. All times applicable or relevant herein as to the NYLL overtime claim refers to <u>at least</u> the six-year period preceding the filing of this complaint but this period may be longer.

14. Upon information and belief and at all times applicable herein, Defendant did not display the required FLSA and NYLL posters of employee wage rights as was required by the FSLA and NYLL and the regulations thereunder.

15. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

16. "Plaintiff" as used in this complaint refers to the named Plaintiff, except, that as to the class and collective action allegations under New York Labor Law and the FLSA respectively, "Plaintiff" refers to the named Plaintiff as well as those similarly situated as putative class members as further defined below.

17. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

18. Upon information and belief, and at all times relevant herein defendant was involved in the business of providing instruction to pre-school children.

19. Upon information and belief and at all times relevant herein, Defendant had over 100 employees across several locations.

20. Upon information and belief, and at all times relevant herein, defendant had two parts to its business – one part provided teaches to other institutions or persons (in their homes) and the other part provided instruction to students in defendant's own preschools.

21. Plaintiff was employed by defendant as a teacher who was sent to other institutions to provide services.

22. Upon information and belief and at all times relevant herein, defendant had annual revenues from its operations of more than $500, 0000.

23. Plaintiff Donna Picerni has been employed by Defendant since 2008.

24. At all times relevant herein, under her employment contract with defendant, plaintiff was and is entitled to receive an hourly rate for each hour of work which is specified in her contract incorporated herein.

25. Upon information and belief, and at all times relevant herein, the other putative class members also had contracts with defendant requiring that they be paid an hourly rate for each hour worked.

26. For the period from on or about July 9, 2012 to August 15, 2012 plaintiff performed approximately more than 15 hours of work each week but was never paid any money for her work during this period.

27. Upon information and belief, following a governmental investigation and action directed at

4

defendant, defendant has breached the contracts it has with it teachers and has not paid them all the wages they are due – especially in July and August 2012.

28. Upon information and belief, defendant's teachers are each owed several weeks of pay as of the date of this complaint – several weeks in July and August 2012 for which defendant's teachers have received no pay.

29. Upon information and belief and at all times relevant herein, plaintiff and the putative class members were entitled to but were not paid by defendant for hours of work spent traveling from one assignment to another and for hours of work spent working on lesson plans, work preparation and other work-related tasks.

30. At all times relevant herein, Plaintiff was employed by Defendant as an hourly employee.

31. At all relevant times herein and for the time Plaintiff was employed by Defendant, she was not paid at least the applicable federal minimum wage rate for all hours of work.

32. At all relevant times herein and for the time Plaintiff was employed by Defendant, she was not paid at least the applicable New York minimum wage rate for all hours of work.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

33. Plaintiff alleges on behalf of herself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 32 above as if set forth fully and at length herein.

34. The named Plaintiff has consented to be part of this action by the filing of this action on her behalf and with her consent.

35. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

36. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former hourly employees of Defendant who worked for defendant as teachers or in similar positions and who: 1) were not paid at least the federal minimum wage rate for all hours worked in a week, within at least the three year period, preceding the filing of this complaint;

37. The class should include but is not limited to employees of defendant who were not paid any wages during the months of July and August 2012 or were paid less than the minimum wage for at least one week.

38. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 100 members of the class during the class period.

39. The class definition will be refined as is necessary, including after discovery if necessary.

40. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

41. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

42. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

43. Upon information and belief, and at all times relevant to this action, defendant was a covered enterprise or instiution or employer under the FLSA.

44. **At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated, at least the applicable federal minimum wage rate for all hours worked in a week, in violation of 29 U.S.C. § 206.**

### Relief Demanded

45. Due to Defendant's FLSA violations, Plaintiff, and all those similarly similarly-situated, are entitled to recover from Defendant, their unpaid minimum wage compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.1 (Unpaid Minimum Wage)

46. Plaintiff alleges on behalf of herself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 45 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

47. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

48. The class of similarly situated individuals as to the NYLL minimum wage cause of action is defined as current and former hourly employees of Defendant who worked for defendant as teachers or in similar positions and who: 1) were not paid at least the New York minimum wage rate for all hours worked in a week, within at least the three year period, preceding the filing of this complaint;

49. The class should include but is not limited to employees of defendant who were not paid any wages during the months of July and August 2012 or were paid less than the minimum wage for at least one week.

50. The class definition will be refined as is necessary, including after discovery if necessary.

51. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over hundred members of the class during the class period.

52. Upon information and belief the putative class is so numerous that joinder of all members is impracticable.

53. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least the applicable NY minimum wage rate for all hours worked within the meaning of New York Labor Law.

54. Upon information and belief, the claims of the representative party are typical of the claims of the class.

55. The representative party will fairly and adequately protect the interests of the class.

56. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

57. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

　　(a)　Whether the putative class was paid at least the applicable NY minimum wage rate for all hours worked within the meaning of New York Labor Law.

58. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and in light of the large number of putative class members.

59. At all times relevant to this action, Plaintiff and all those similarly situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

60. **At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly situated as class members, at least the applicable New York minimum wage rate for all hours worked in a week, in violation of N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.1.**

## Relief Demanded

61. Due to Defendant's NYLL minimum wage violations, Plaintiff, and all those similarly similarly-situated, are entitled to recover from Defendant, their unpaid minimum wage compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Contract)

62. Plaintiff alleges on behalf of herself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 61 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

63. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

64. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former hourly employees of Defendant who worked for defendant as teachers or in similar positions and who: 1) were not paid at the agreed upon hourly rate for all hours worked for defendant, within at least the six-year period, preceding the filing of this complaint;

65. The class should include but is not limited to employees/former employees of defendant who were not paid any wages during the months of July and August 2012.

66. The class should also include but is not limited to employees/former employees of defendant who were not paid for time spend travelling from one assignment to another and for time spent preparing lesson plans, preparing for work, and other work-related tasks in between assignments etc.

67. The class definition will be refined as is necessary, including after discovery if necessary.

68. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 100 members of the class during the class period.

69. Upon information and belief the putative class is so numerous that joinder of all members is impracticable.

70. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at the agreed upon hourly rate for all hours worked.

71. Upon information and belief, the claims of the representative party are typical of the claims of the class.

72. The representative party will fairly and adequately protect the interests of the class.

73. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

74. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (b) Whether the putative class was paid the agreed upon hourly rate for all hours worked.

75. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and in light of the large number of putative class members.

76. At all times relevant to this action, Plaintiff and all those similarly situated as class members, were employed by Defendant.

77. Defendant breached the employment agreements/contracts between it on the one hand and plaintiff and the putative class on the other hand as laid out above, by failing to pay plaintiff and the putative class members for all the hours worked at the agree upon hourly rates specified in the agreement/contracts.

78. Plaintiff fand the putative class members ully performed their obligations under their employment agreements/contracts with defendant, including any and all condition precedents.

### **Relief Demanded**

79. Due to defendant's breach of the employment agreements/contracts, plaintiff and the putative class members are entitled to and seeks to recover in this action, the amount of the unpaid wages, plus interest thereon.

## AS AND FOR A FOURTH CAUSE OF ACTION
## NYLL 191, 193, 198 (Failure to Pay/Unlawful deductions)

80. Plaintiff alleges on behalf of herself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 79 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

81. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

82. The class of similarly situated individuals as to the overtime cause of action under the NYLL 191, 193 is defined as current and former hourly employees of Defendant who worked for defendant as teachers or in similar positions and who: 1) suffered non-payment of wages/wage deductions by defendant, within at least the six-year period, preceding the filing of this complaint.

83. The class should include but is not limited to employees/former employees of defendant who were not paid any wages during the months of July and August 2012 or who were paid less than the waged due to them.

84. The class should also include but is not limited to employees/former employees of defendant who were not paid for time spend travelling from one assignment to another and for time spent preparing lesson plans and other work-related tasks in between assignments.

85. The class definition will be refined as is necessary, including after discovery if necessary.

86. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 100 members of the class during the class period.

87. Upon information and belief the putative class is so numerous that joinder of all members is impracticable.

88. Upon information and belief, there are questions of law or fact common to the class – whether Defendant failed to pay wages/made improper wage deductions, in violation of NYLL 191, 193 and 198.

89. Upon information and belief, the claims of the representative party are typical of the claims of the class.

90. The representative party will fairly and adequately protect the interests of the class.

91. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

92. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (c) Whether defendant failed to pay wages/made improper wage deductions, in violation of NYLL 191, 193 and 198

93. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and in light of the large number of putative class members.

94. At all times relevant to this action, Plaintiff and all those similarly situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2, 190, 191, 193 and 198 and the regulations thereunder.

95. **At all times relevant herein, Defendant made and willfully failed to pay/made improper deductions from the wages of plaintiff and all those similarly situated as class members, in violation of NYLL 191, 193.**

### Relief Demanded

96. Due to Defendant's NYLL 191, 193 violations, Plaintiff, and all those similarly similarly-situated, are entitled to recover from Defendant, the amount of all unlawful wage deductions/wages not paid, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

97. Declare Defendant (including its overtime and wage payment policy and practice as well as its wage deduction policy and practice) to be in violation of the rights of Plaintiff and those similarly situated, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL, including NYLL § 193, 191.

98. As to the **First Cause of Action**, award Plaintiff and those similarly situated who opt-in to this action, their unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

99. As to the **Second Cause of Action**, award Plaintiff and those similarly situated as class members, their unpaid overtime compensation due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

100. As to the **Third Cause of Action**, award Plaintiff and those similarly situated as class members, the amount of wages owed plus prejudgment interest and costs;

101. As to the **Fourth Cause of Action**, award Plaintiff and those similarly situated as class members, the amount of all unlawful wage deductions/failure to pay, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 193, 191, 198;

102. Award Plaintiff, and all others similarly situated where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

103. Award Plaintiff and all those similarly situated such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
October 3, 2012

Respectfully submitted,

*/s/ Abdul Hassan*

Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: (718) 740-1000
Counsel for Plaintiffs